v. Robert Waterman Ms. Moy  My name is Maggie Moy. I'm an assistant federal public defender for the District of New Jersey and I represent Robert Waterman. I would ask to reserve two minutes of time for rebuttal. That request will be granted. Thank you. We believe that the appropriate place for this Court to begin the review of this case is with United States v. McSherry, where the Court explicitly addressed the guideline 2J1.2b2. And the Court indicated that the guidelines are given their ordinary meanings. In other words, we must use common sense. The ordinary meaning, the plain dictionary meaning. And in this case, if the offense resulted in substantial interference with the administration of justice, there's an increase of three levels. That in order for it to be applicable, we have to find that the offense actually resulted in, that there's a causational nexus. And that in order to determine whether the offense resulted in, first I think we have to start with what was the offense. In this case, the place to begin is the indictment. The indictment alleges, the only dates referenced in the indictment are March 4th and March 10th of 2010. Specifically that Mr. Waterman altered or destroyed a tangible object, specifically a specific Seagate hard drive. This was a guilty plea. And as a guilty plea, the facts that support the guilty plea were based on his allocution at the time of his guilty plea. Those factual basis questions were prepared, were written and prepared by the government. He was not asked or required or in fact charged with a continuing course of conduct from 2008 to 2010 that involved the destruction of the platters. Rather, the only question that he was questioned, the only issue that he was questioned regarding was his destruction of the green printed circuit board. It is undisputed by the parties that the destruction of the circuit board is, meets the elements of this offense. But equally undisputed is the destruction of the circuit board did not result in the hard drive itself being unreadable. One of your contentions, as I understand your brief, is that the enhancement that was, the three level enhancement imposed on Mr. Waterman, should only have been applied if he had destroyed the hard drive and the platters of which you speak after he learned of the federal investigation. Your Honor, I would concede that that was, I think, the way that we presented it. I think that we have, we recognize that first and foremost, the elements of 1519 do not have a temporal nexus in terms of the timing. Of 1519, of the statute itself. Some of the cases that were cited by the government, I'm sorry, that some of the statutes that were cited by the government discussed that issue. However, we would argue to the court that what needs to be shown is that the destruction of the platters was done with the intent to impede either a pending federal investigation, a, that it was done to impede, done in contemplation of impeding some possible future investigation. And that the evidence does not support that. We agree that, and I think it's somewhat interrelated because it has to do, the intent I don't think can be fully taken out of it. So that where the timing of it is related that the intent is unclear or unestablished by the evidence. That to be so broad and expansive with this enhancement would be inappropriate and is not warranted under the case law. You haven't abandoned the proposition that timing is relevant to the determination of the application of the enhancement. No, because if it's so far in advance that it's pure speculation versus an actual decision regarding a contemplated event. Something that happened years and which is really the case in this case, years ahead of time. This is not something where the investigation was ongoing for a period of time. To the contrary, that what occurred, occurred in 2008 and then it's not until 2010 that we have this federal investigation. And it is so expansive. What is your test or your standard, if we were writing the opinion, how would we write it the way that you think the standard should be? I think that the standard should be that absent evidence that, absent some other evidence to show that an action that took place significantly in advance, that there's not a sufficient nexus between the act and this enhancement. Because otherwise we are in a situation where acts that occurred years beforehand are being called into question years later. I can see there could be cases based on actual evidence where statements were made, I did this because. That would be a different situation, but that's not the case in this matter and the record does not support that. But you're trying, you say, correct me if I'm wrong here, you argue that Waterman only pled guilty to the destruction of the circuit board. And it was the hard drive that was destroyed sometime in 2008 or earlier, correct? Actually, Your Honor, and I realize that as we went through this case, both the government and I clarified this for the district judge, that the hard drive consists of two separate components, the green printed circuit board and the platters. And that he pled guilty and allocated to destroying the green printed circuit board. He never allocated to destroying the, that he destroyed the printed circuit board with the intent to impede. However. But he pled guilty in appendix 16, it shows he pled guilty to destroying the Seagate brand hard drive. Right, but I think that we have to look at the factual basis questions that were prepared by the government and that he answered. And in the record, he did not specifically indicate that he destroyed the platters of the hard drive with the intent to impede any investigation. What he admitted to, because what he did do to impede the investigation, was destroy the printed circuit board. Okay. And that, and for this particular enhancement, that is the most significant distinction. Because this enhancement requires that the offense resulted in. Right. The offense that he admitted to and that he allocated to was the circuit board. But Judge Kugler gave the sentence, gave a sentence that pretty much disregarded this finding. Except I don't believe that he gave that sentence based on a disregarding of that. What he did is. The effect of it was. The effect of it was. However, the court did an extensive 3553 analysis starting with what we believe is an erroneous guideline range and arrived at a particular sentence. Okay. Thank you. Mr. Romano. May it please the court. John Romano for the United States. If I could start with your question, Judge Mariani. I think that the question of how far back the enhancement applies is an interesting one. But it's one this court doesn't need to reach here. There's two very easy ways to affirmance here. Number one, Judge Kugler found that he destroyed the platters on March 5th in the police car. And that finding was not clearly erroneous. There's really a mountain of evidence in which Judge Kugler made that finding. And this court can't go back and reweigh that evidence now as the defendant wants you to do. So that's the first very easy way to affirm here. And the second way, as you mentioned, Judge Sirica, is that Judge Kugler. Any error here was clearly harmless under this court's Zabielski opinion. And plus, if you add to that, Judge Kugler at the bail pending appeal argument made it very clear that this was a 3553 sentence. That this had no role at all in imposing the sentence. And that he would impose the same exact sentence if this went back. So there's really no point in sending this back because Judge Kugler explained he would give the same sentence. And it's a sentence that is within the guidelines range that would otherwise apply. But it wouldn't offend the rationality you've just given if we were to include in an opinion a statement that indicates that timing, in fact, is not irrelevant and it could very well be a determinative factor in certain cases. I think it's possible that it could be a factor. In this case, I don't think it would be, even if he didn't discredit the platters at that time. As we point out in our brief, 1519 doesn't have a temporal requirement. So the question is, can you go back and say he had the intent to impede an investigation? If he had that intent, then it doesn't matter when it occurred. And for the guideline, as long as the offense resulted in substantial interference with the administration of justice, again, the timing wouldn't matter so long as you can show that that was part of the offense. So I concede that it's possible that something that happened long ago might not be deemed relevant conduct. So it might have a role. I don't think it would have a role here. And again, there's no real reason to reach that issue in this case because of the two very easy ways to affirm here. Is there unanimity on this particular timing point across the country or is there different views? I'm not aware of any different views. On the statute, I think it's pretty clear. And this court spoke about the statute in Moyer. So it's very broad. And I'm not aware of any kind of timing requirement there. The enhancement itself has very little case law. The Second Circuit has a couple of cases that say, look, if you do something that happens before there's an investigation, that still counts because you've basically stopped the investigation from occurring. Same thing happened here. I'm not aware of any other case law on that issue. And if I can, I just want to point to one case. I brought this to Ms. Moyer's attention last week. It's an unpublished Second Circuit case, but they also look to a bail pending appeal argument and what was said at that bail pending appeal to say that that buttressed the harmless error argument at sentencing. And if I can just give you the citation, it's 529 Federal Appendix 28. If there's no further questions, I'm happy to rest on my brief. Thank you. Thank you, Mr. Romano. Ms. Moyer? Thank you, Your Honor. To address the harmless error question, and I would begin first with the case just cited by the government, which they raised with me last week, which would be Comar. We would submit that as an unpublished opinion that, first of all, that it's an unpublished opinion from, I believe, the Second Circuit. But more importantly, it acknowledged in that case that there was an acknowledgement by the court that the lost figure was uncertain. Secondly, that the sentence was imposed independent of that lost figure and the sentence was solely based on 3553A factors. In the instant case, while Judge Kugler did make a statement at the very end of the bail hearing, first and foremost, a bail hearing is not the form to be addressing an alternate sentence. District courts are well aware. The Circuit has established the proper procedure for alternate sentences being pronounced that the procedural error in not following that at a sentencing hearing is not harmless error. More importantly, that in the record in this case, it's clear that Judge Kugler gave an extensive analysis of a variance from that particular guideline range and the 3553A factors. He did not say it was independent of this particular enhancement. And when we consider what the guideline range is, unlike some of the cases that were cited, Zabilski for one, which is a case which involved a sentence, the sentence imposed was below both the erroneous guideline range as well as the applicable guideline range. Both of those guideline ranges were Zone D sentences. In this case, the guideline range that we believe is erroneous is a Zone D sentence. The applicable and proper guideline range is a Zone C sentence. Moreover, when the court, in this case, the court departing six months from the bottom of an erroneous guideline range absent the proper absent a full discussion of why that same sentence would have been imposed, a mid-range sentence would have been imposed with the proper guideline range of 12 to 15 months we believe would be unreasonable and is not harmless error. And we would ask this court to both remand this matter on the guideline issue. I just want to ask you about our decision in Zabilski where he says it doesn't the comments by Judge Kudlow at the bail hearing at least demonstrate a high probability that he would have imposed the same sentence under the correct guideline range even as you argued it should be. It's difficult to know. I would suggest that it's because we have to consider where how the court sort of threw that comment off at the last moment and simply said that there were 3553A factors. Yet when you contrast that one brief statement with the extensive discussion of 3553 in light of the guidelines to assume that the court would determine in a criminal history category one with a person with the 3553A factors that Mr. enjoys that a sentence in the mid-range would have been an appropriate and reasonable sentence. I don't believe the record actually supports that. We believe that. I would be frank that whether a six-month variance would have been granted from the appropriate guideline range is one thing but I certainly think a sentence at the bottom of the guideline range or slightly below that. I'm not sure you answered my question. I said doesn't the statement indicate that there's a high probability that the judge would have given the same sentence. I respectfully disagree. I would disagree. I think a possibility but not a high probability. I think again how it was said in the last minute off-the-cuff statement I think is insufficient for this court to rely on. Thank you. Thank you very much. We thank counsel for their arguments and their briefs in this matter. We'll take the case under advisory.